IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH H. ABBOTT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | No. 07-2767 |
| Defendant. | : | |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                                                                 **October 8, 2008**

Plaintiff, Joseph Abbott, filed this lawsuit against his employer, CSX Transportation, Inc., stemming from repetitive stress injuries he suffered as a result of his job duties with CSX. Presently before the Court is CSX's motion to transfer venue to the Eastern District of Virginia on *forum non conveniens* grounds. For the reasons below, the motion is denied.

### I. BACKGROUND

On July 3, 2007, Abbott filed this action against CSX in this Court. Both parties are Virginia citizens. (Compl. ¶¶ 1-2.) According to the Complaint, Abbott has been a trainman/conductor with CSX since 1975 and while employed in this position, "was exposed to excessive and harmful cumulative trauma to his lower back, hands, neck and knees due to the bending, lifting, twisting and standing, repetition, force, vibration and awkward wrist posture with which he performed his work for the Defendant." (*Id*. ¶ 8.) Abbott claims that the negligence, carelessness and recklessness of CSX caused his injuries. Accordingly, he brings his repetitive stress injury claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, and related federal statutes. CSX answered the Complaint on July 26, 2007, and the parties have been engaged in discovery. On September 17,

2008, CSX filed a motion to transfer based on *forum non conveniens* grounds.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Third Circuit has enumerated a number of private and public factors that a district court should consider when faced with a motion to transfer venue under § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: the plaintiff's forum preference; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties, as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the locations of books and records, to the extent those materials can only be produced in the alternative forum. *Id*. The public factors include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; and the local interest in deciding local controversies at home. *Id*.

In a FELA case, the burden rests with CSX, as the party seeking transfer, to "spell out a clear case of convenience, definitely and unequivocally, and to show a strong case for transfer." *Szabo v. CSX Transp., Inc.*, Civ. A. No. 05-4390, 2006 WL 263625, at *2 (E.D. Pa. Feb. 1, 2006); *see also Richards v. Consol. Rail Corp.*, Civ. A. No. 94-3942, 1994 WL 586009, at *2 (E.D. Pa. Oct. 19, 1994).

**III.    DISCUSSION**

FELA contains a venue provision that allows plaintiffs to bring cases "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. The parties do not dispute that venue is proper in this District as CSX conducted business here at the time Abbott commenced this action. While venue is also proper in the Eastern District of Virginia, Defendant fails to meet its burden on a motion to transfer.

Turning to the *Jumara* factors, Defendant contends that Plaintiff's choice of forum, though normally given great deference, is of lesser importance in this case because Plaintiff does not live in this District nor did the cause of action occur here. (Def.'s Br. in Supp. of Mot. to Transfer Venue [Def.'s Br.] at 5.) But in cases brought under FELA, a plaintiff's choice of forum remains a "substantial right." *Boyd v. Grand Trunk W. R.R. Co.*, 338 U.S. 263, 266 (1959) (per curiam). Thus, a FELA plaintiff's choice of forum is accorded deference regardless of the plaintiff's residence or the location where the cause of action arose. *See Askew v. CSX Transp. Inc.*, Civ. A. No. 05-5915, 2008 WL 4347530, at *1 (E.D. Pa. Sept. 22, 2008); *see also Szabo*, 2006 WL 263625, at *1. Additionally, although the Eastern District of Virginia appears to have stronger connections than this District to the facts of this case, Abbott "actually performed work in connection with his employment with the Defendant in Pennsylvania." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Transfer Venue [Pl.'s Mem.] at 15.)

Defendant asserts that testifying in Pennsylvania would greatly inconvenience workers and supervisors located in Virginia and that "Defendant would also incur additional and unnecessary expense, in terms of lodging and travel, for its employees to travel over 287 miles to testify at trial

3

were this matter to proceed in the Eastern District of Pennsylvania." (Def.'s Br. at 11.) CSX included with its motion an affidavit from Andre Smith, Manager of Field Investigations with CSX. (Def.'s Mot. Ex. D [Smith Aff.] ¶ 2.) He states that none of Abbott's known supervisors are located in this District and Abbott's known medical providers during his career with CSX are all located in the Eastern District of Virginia. (Smith Aff. ¶¶ 4-5.) Smith also avers that it would be "inconvenient" for CSX to have to replace those workers who must testify here and transport them to Philadelphia. (*Id.* ¶ 6.)

While it might be more convenient for witnesses located in Virginia to testify in Virginia, Defendant does not argue that any witnesses will be unable to attend a trial in this District. *See Askew*, 2006 WL 4347530, at *2 (noting that standard is whether witnesses are unavailable, not merely inconvenienced). Those who work for CSX presumably will testify on behalf of their employer without compulsory process, and, furthermore, the "convenience of defense witnesses is given less weight if the defendant is a transportation company and can easily transport witnesses." *See Szabo*, 2006 WL 263625, at *2. As for Abbott's doctors, Plaintiff assures this Court that "there will be no problem in seeing that all of Plaintiff's fact and expert witnesses will be available to testify at trial." (Pl.'s Mem. at 15.) And, as Plaintiff notes, testimony can be videotaped if necessary. (*Id.*)

Defendant makes much of the distance between Newport News, Virginia (where Abbott resides) and Philadelphia–287 miles–and claims CSX will suffer great hardship should its employees be required to travel such a long distance for an extended trial. (Def.'s Mot. to Transfer Venue ¶¶ 8, 19; Def.'s Br. at 10-11.) But, as CSX also notes, the District Court for the Eastern District of Virginia is far–175 miles–from Newport News. (Def.'s Mot. to Transfer Venue ¶ 9.) The

differences in distance here do not strongly favor transfer. Even assuming this case goes to trial, this Court sees no reason why CSX's employees would be away from their job for an extended period of time. This will likely be a short trial, not an 8-10 day proceeding as CSX contends.

CSX also points out that the Eastern District of Pennsylvania has a greater number of pending civil cases than the Eastern District of Virginia. (Def.'s Br. at 12.) But, as Abbott notes, the Eastern District also has significantly more judges than the Eastern District of Virginia. (Pl.'s Resp. In Opp'n to Def.'s Mot. to Transfer Venue ¶ 10.) Additionally, CSX does not put forth evidence regarding the speed with which cases are processed in these respective districts. Finally, neither party has expressed concern with the pace of these proceedings; indeed, a transfer will only further delay this matter.

CSX also argues that Virginia has a greater interest in litigating this dispute because there is no meaningful connection between this case and this District. (Def.'s Br. at 13.) But, as noted earlier, Plaintiff performed work for CSX in Pennsylvania. Furthermore, CSX conducts significant business in Pennsylvania and citizens of this District accordingly have an interest in adjudicating the rights of the parties here.

Lastly, CSX provides no explanation for its delay in filing this motion. Although CSX's Answer included boilerplate language that venue in this District is improper, it did not file its motion to transfer (which is based on *forum non conveniens* grounds rather than improper venue) until September of 2008, almost fourteen months after filing its answer. Although this delay alone does not preclude transfer, it supports the Court's decision. *See Szabo*, 2006 WL 263625, at *2; *see also Askew*, 2008 WL 4347530, at *3.

5

**IV.     CONCLUSION**

Because CSX has failed to sustain its burden that a transfer to the Eastern District of Virginia is warranted, its motion is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH H. ABBOTT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | No. 07-2767 |
| Defendant. | : | |

## ORDER

**AND NOW**, this **8th** day of **October**, **2008**, upon consideration of Defendant's Motion to Transfer Venue (Document No. 8) and Plaintiff's response thereto, and for the foregoing reasons, the motion is **DENIED**.

BY THE COURT:

**Berle M. Schiller, J.**